IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DONALD WILLIAM GORNEY, | ) | |
| | ) | CASE NO. BK10-40251-TJM |
| Debtor(s). | ) | A10-4053-TJM |
| MICHAEL & CATHY HANUS, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD W. GORNEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the court on the debtor-defendant's motion to dismiss the adversary proceeding (Fil. #13) and resistance by the plaintiffs (Fil. #15). Wesley H. Bain, Jr., represents the debtor, and the plaintiffs represent themselves. The motion was taken under advisement without oral arguments.

      The motion is denied.

      The parties were involved in an automobile collision in Omaha, Nebraska, on October 15, 2009, and the plaintiffs suffered personal injury and property damage as a result. The debtor's vehicle was not insured. He also left the scene of the accident. He was convicted of negligent driving and served a sentence of incarceration. He filed a Chapter 13 petition on January 30, 2010. The plaintiffs are not listed as creditors in the bankruptcy schedules, although they believe the debtor owes them for repairs, medical bills, and other costs related to the collision. The plaintiffs then filed this adversary proceeding to except the debt owed to them from discharge under 11 U.S.C. §§ 523(a)(6), (a)(9), and (a)(19)(B)(2), and to deny the debtor a discharge under § 727(a)(4). The debtor now moves to dismiss the adversary proceeding for insufficient service of process, or, alternatively, for failure to state a claim upon which relief may be granted.

      The debtor's alternative argument will be addressed first. The debtor's Chapter 13 plan was confirmed on April 29, 2010. Through that plan, he will pay a federal tax claim, a loan on his vehicle, and fees for his attorney and the Chapter 13 trustee. No unsecured debts will be paid. When the debtor completes the payments called for in the plan, he will receive a discharge. A Chapter 13 discharge is broader than a Chapter 7 discharge; under the Bankruptcy Code, a number of the types of debts that are not dischargeable in Chapter 7 are discharged in Chapter 13. The categories of debts *not* discharged in Chapter 13 are set out in § 1328(a):

§ 1328. Discharge

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt —

(1) provided for under section 1322 (b)(5);

(2) of the kind specified in section 507 (a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523 (a);

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or

(4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

The plaintiffs do not appear to have been listed in the debtor's schedules, nor did they file a proof of claim. Debts which are not listed or scheduled in time for the creditor to file a proof of claim are excepted from discharge in Chapter 13. § 523(a)(3); § 1328(a)(2).

The plaintiffs included § 523(a)(6) and (9) among the legal bases for excepting the debtor's debt from discharge, but § 523(a)(6) is not among the sections listed in § 1328, so a claim under that section would be discharged. The only way to except a debt for damages resulting from willful or malicious personal injury by the debtor is to obtain a court order for restitution or damages in a civil action, as indicated in § 1328(a)(4). Debts under § 523(a)(9) cannot be discharged in Chapter 13, but there is no indication in the complaint that a finding was made that the debtor was intoxicated at the time of the accident, which is a necessary element of § 523(a)(9). The plaintiffs also raised a claim under § 523(a)(19), but that subsection deals with violations of securities laws and is not relevant here.

In their response to the motion to dismiss, the plaintiffs state that the debtor agreed to pay the plaintiffs' expenses in an attempt to negotiate a lenient sentence, but no payment has been made. If this agreement has been memorialized in writing and was made part of the court record in the criminal case, it may provide a basis under § 1328(a)(3) for excepting the debt from discharge. More information must be provided to the court before that can be ascertained.

The complaint also contains some allegations that appear to be premised on § 727, which denies certain debtors a discharge from any of their debts because of their conduct in the bankruptcy case. This section applies only to Chapter 7 cases, not to Chapter 13 cases such as the debtor's.

In this case, to establish a claim upon which relief may be granted, the plaintiffs will have to state facts indicating that the debtor is legally – not only morally – obligated to pay them for the damage they suffered. The plaintiffs will be given time to amend their complaint to include such facts.

With regard to the debtor's assertion that proper service was not made on him, the docket for this case indicates the plaintiffs served the summons and complaint on debtor's counsel by certified mail. Under the Federal Rules of Bankruptcy Procedure, a debtor's attorney must be served *in addition to* the debtor, Fed. R. Bankr. P. 7004(g), but the debtor himself must be served with the summons and a copy of the complaint by any of the methods listed in Rule 7004(b) or (c). An attorney is generally not deemed to be an agent for purposes of accepting service on behalf of a client, absent specific authority from the client to do so. Indus. Indem. Co. v. Harms, 28 F.3d 761, 762 (8th Cir. 1994); Thelen v. City of Elba, Case No. 08CV1150, 2009 WL 212940, at *4 (D. Minn. Jan. 28, 2009). Moreover, a party does not waive defective service by filing a motion under Rule 7012(b). The federal rules of procedure have abolished the old practice of appearing "specially" in order to challenge a federal court's personal jurisdiction, venue or service of process. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed.).

Pursuant to Rule 7004(b)(9), a debtor may be served by first-class mail by mailing a copy of the summons and complaint to him at the address shown in the bankruptcy court's records. When the plaintiffs file their amended complaint, they should serve it and the summons on the debtor and on his attorney. If the plaintiffs cannot achieve service on the debtor by mail because the debtor has not informed the court of his current address, they should notify the court in writing, by way of a motion or letter, and the court will consider whether an alternate method of service should be used.

IT IS ORDERED: The debtor-defendant's motion to dismiss the adversary proceeding (Fil. #13) is denied. The plaintiffs shall file an amended complaint on or before September 23, 2010, and shall properly serve the amended complaint or request alternative service.

DATED:     August 23, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Wesley H. Bain, Jr.
    Michael & Cathy Hanus
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.